IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RONNIE GRIFFIN, | INDEX NO. 13cv4144 (WHP) |
| PLAINTIFF, | ECF CASE |
| vs | AMENDED COMPLAINT |
| THE CITY OF NEW YORK, a municipal entity, NEW YORK CITY POLICE OFFICER STEVE TIRADO, NEW YORK CITY POLICE LIEUTENANT MICHAEL BARRY, NEW YORK CITY POLICE OFFICERS "JOHN DOES" 1-2, NEW YORK CITY FIRE DEPARTMENT EMT TONY SANNUTO, NEW YORK CITY FIRE DEPARTMENT  EMT ANNABELL ABREU, | [JURY TRIAL DEMANDED] |
| DEFENDANTS. | |

Plaintiff RONNIE GRIFFIN, by his attorneys, STECKLOW COHEN & THOMPSON, complaining of the defendants, respectfully alleges as follows:

## I. PRELMINARY STATEMENT

**1.** Plaintiff RONNIE GRIFFIN bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## II. JURISDICTION

**2.** This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(3) and (4) and the aforementioned statutory and constitutional provisions.

3. Plaintiff RONNIE GRIFFIN further invokes this Court's supplemental jurisdiction, pursuant to 28 USC. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gives rise to the federally based claims and causes of action.

### III. VENUE

4. Venue is proper for the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1391(a), (b), and (c) and § 1402(b) because the claims arose in this district.

### IV. JURY DEMAND

5. Per F.R.C.P. 38(b), Plaintiff demands a trial by jury of all issues in this matter.

### V. THE PARTIES

6. The Plaintiff RONNIE GRIFFIN is a resident of the City of New York, State of New York, and the County of New York.

7. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9. Defendant THE CITY OF NEW YORK maintains the New York City Fire Department, a duly authorized public authority and/or fire department, authorized to perform all functions of a fire department as per the applicable sections of the New York State Laws and

New York City Administrative Code, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

10. That at all times hereinafter mentioned, the Defendant NEW YORK CITY FIRE DEPARTMENT EMT's TONY SANNUTO and ANNABEL ABREU (Collectively, "Defendant EMTs," individually, "Defendant EMT") were duly sworn employees of said department and were acting under the supervision of said department and according to their official duties.

11. That at all times hereinafter mentioned, the Defendant NEW YORK CITY POLICE OFFICER STEVE TIRADO, NEW YORK CITY POLICE LIEUTENANT MICHAEL BARRY, and NEW YORK CITY POLICE OFFICERS "JOHN DOES" 1-2 (Collectively, "Defendant Police Officers," individually, "Defendant Police Officer") were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

12. That at all times relevant to this action, the Defendant Police Officers and Defendant EMTs (collectively, "Defendant Municipal Employees") either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

13. Each and all of the acts of the Defendant Municipal Employees alleged herein were done by said Defendants while acting within the scope of their employment by Defendant THE CITY OF NEW YORK, in furtherance of their employment by Defendant THE CITY OF NEW YORK.

## VI. FACTS COMMON TO ALL CLAIMS

14. On the evening of April 19, 2012, Plaintiff RONNIE GRIFFIN saw a fire in a municipal trashcan in the vicinity of 177th Street and St. Nicholas Avenue.

15. Plaintiff RONNIE GRIFFIN also saw an apparently off-duty New York City Fire Department-marked Ambulance ("Ambulance") parked down the street from the fire.

16. Plaintiff RONNIE GRIFFIN tapped on the window of the Ambulance and requested that the Defendant EMTs within report the fire.

17. At that time, Defendant EMT TONY SANNUTO picked up and used his radio.

18. After a short time, multiple marked police vehicles arrived at and around the Ambulance, with Defendant Police Officers inside who made inquiries to Plaintiff.

19. In response to their inquiries, Plaintiff RONNIE GRIFFIN informed the Defendant Police Officers that there was a fire that he was trying to report.

20. One or more of the Defendant Police Officers then searched Plaintiff RONNIE GRIFFIN without his consent and without an objectively lawful reasonable basis.

21. The Defendant Police Officers' search did not uncover any contraband or evidence of any illegal activities from the person of Plaintiff RONNIE GRIFFIN.

22. After a time, Defendant NEW YORK CITY POLICE LIEUTENANT MICHAEL BARRY approached Plaintiff RONNIE GRIFFIN, and asked him if he wanted to go to a hospital.

23. Plaintiff RONNIE GRIFFIN stated that he did not want to go to a hospital.

24. One or more of the Defendant Police Officers placed handcuffs on Plaintiff RONNIE GRIFFIN, without his consent or explanation as to why he was being arrested.

25. Plaintiff RONNIE GRIFFIN complained that his handcuffs were too tight, but none of the Defendant Police Officers present took any action to loosen his handcuffs.

26. After a time, another New York City Fire Department Ambulance arrived, and Plaintiff RONNIE GRIFFIN was placed into the second ambulance, which took him to Harlem Hospital Center.

27. After a time, Plaintiff RONNIE GRIFFIN was seen by a psychiatrist at Harlem Hospital Center, who found no cause to keep Plaintiff at Harlem Hospital Center, and allowed him to be released from the hospital several hours after his initial arrival.

28. Plaintiff RONNIE GRIFFIN experienced soreness and discomfort for several weeks thereafter due to the tight application of handcuffs to his wrists.

29. No charges were filed against Plaintiff RONNIE GRIFFIN.

30. On information and belief, the Defendant Police Officers arrested the Plaintiff, at least in part, at the behest of the Defendant EMTs, who wanted to retaliate against Plaintiff.

31. On information and belief, the Defendant Police Officers arrested the Plaintiff, at least in part, to justify the disproportionate mobilization of police resources in response to the radio call of the Defendant EMTs.

32. On information and belief, the Defendant Police Officers arrested the Plaintiff, at least in part, to meet some or all of their prescribed quantitative productivity goals for arrests.

33. As a result of the foregoing, Plaintiff RONNIE GRIFFIN sustained, *inter alia,* mental injuries, emotional distress, embarrassment, humiliation and deprivation of his constitutional rights.

34. Plaintiff RONNIE GRIFFIN complied with all relevant provisions of GML §50 in providing notice to Defendant CITY OF NEW YORK of his claims herein.

**FIRST CLAIM FOR RELIEF**
**DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

35. Plaintiff RONNIE GRIFFIN incorporates the allegations above by reference.

**36.** All of the aforementioned acts deprived Plaintiff RONNIE GRIFFIN of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

**37.** The Defendant Police Officers and Defendant CITY OF NEW YORK, collectively and individually, while acting under color of state law, engaged in Constitutionally-violative conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

**38.** As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety and he was humiliated, without probable cause.

**39.** As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer personal injuries, violation of civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, loss of wages, legal expenses and damage to his reputations and standing within his community.

**40.** As a result of Defendants' impermissible conduct, Plaintiff demands judgment against Defendants in a sum of money to be determined at trial.

### SECOND CLAIM FOR RELIEF- FALSE ARREST UNDER 42 U.S.C. § 1983

**41.** Plaintiff RONNIE GRIFFIN incorporates the allegations above by reference.

**42.** Plaintiff RONNIE GRIFFIN was taken into custody and caused to be falsely imprisoned, detained and confined without any probable cause, privilege or consent.

**43.** As a result of the foregoing, Plaintiff RONNIE GRIFFIN's liberties were restricted for an extended period of time.

**44.** As a result of the foregoing, Plaintiff RONNIE GRIFFIN was put in fear for his own

safety and humiliated without probable cause.

**45.**     As a result of Defendants' impermissible conduct, Plaintiff demands judgment against Defendants in a sum of money to be determined at trial.

### THIRD CLAIM FOR RELIEF-   RETALIATION FOR<br>FIRST AMENDMENT PROTECTED EXPRESSION UNDER 42 U.S.C. § 1983

**46.**     Plaintiff RONNIE GRIFFIN incorporates the allegations above by reference.

**47.**     At or around the time that Plaintiff RONNIE GRIFFIN came into contact with the Defendant EMTs and Defendant Police Officers, Plaintiff was engaging in protected speech or conduct, i.e., reporting a condition in need of intervention to agents of the municipality.

**48.**     Defendant Police Officers and Defendant EMTs took adverse action against Plaintiff RONNIE GRIFFIN.

**49.**     Upon information and belief, there was a causal connection between the protected speech and conduct engaged in by Plaintiff RONNIE GRIFFIN and the adverse actions taken by the Defendant Police Officers.

**50.**     Defendants deprived the Plaintiff of his liberty both in violation of his civil and constitutional rights, as guaranteed under 42 U.S.C. §1983 and set forth in the United States Constitution, First, Fourth and Fourteenth Amendments and the Constitution of the State of New York and in direct retaliation for the Plaintiffs' exercise of their civil and constitutional rights of free speech, free expression and expressive association as guaranteed by First and Fourteenth Amendments to the United States Constitution as well as the Constitution of the State of New York.

**51.**     As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer personal injuries, violation of civil rights, emotional distress, anguish, anxiety, fear,

humiliation, loss of freedom, loss of wages, legal expenses and damage to his reputation and standing within his community.

52. As a result of Defendants' impermissible conduct, Plaintiff demands judgment against Defendants in a sum of money to be determined at trial.

## FOURTH CLAIM FOR RELIEF- BATTERY

53. Plaintiff RONNIE GRIFFIN incorporates the allegations above by reference.

54. The Defendant Police Officers who seized and apprehended Plaintiff RONNIE GRIFFIN committed battery upon Plaintiff RONNIE GRIFFIN in the course of his apprehension by tightly handcuffing Plaintiff RONNIE GRIFFIN when no justification existed for said contact.

55. The circumstances presented to Defendants at that time did not support the above applications of force on Plaintiff RONNIE GRIFFIN.

56. Plaintiff RONNIE GRIFFIN was injured by Defendants' non-consensual and unprivileged physical contact.

57. As a result of the foregoing, Plaintiff RONNIE GRIFFIN demands judgment against Defendants in a sum of money to be determined at trial.

## FIFTH CLAIM FOR RELIEF- NEGLIGENCE

58. Plaintiff RONNIE GRIFFIN incorporates the allegations above by reference.

59. The Defendant Municipal Employees did not exercise that degree of care which would reasonably be required of them under similar circumstances.

60. Defendant THE CITY OF NEW YORK failed to use reasonable care in the hiring and retention of the Defendant Municipal Employees.

**61.** Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the aforesaid Defendant Police Municipal Employees to engage in the wrongful conduct heretofore alleged in this Complaint.

**62.** Defendant THE CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid Defendant Municipal Employees who conducted and participated in the above-described acts against Plaintiff RONNIE GRIFFIN.

**63.** The failure of these Defendants to exercise due care is the proximate cause of Plaintiff RONNIE GRIFFIN's injuries and other losses.

**64.** As a result of the foregoing, Plaintiff RONNIE GRIFFIN demands judgment against Defendants in a sum of money to be determined at trial.

### SIXTH CLAIM FOR RELIEF- MUNICIPAL LIABILITY UNDER *MONELL*

**65.** Plaintiff RONNIE GRIFFIN incorporates the allegations above by reference.

**66.** The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

a. the continuing practice or custom of New York City Police Officers utilizing their powers of arrest and detention in a punitive, retaliatory or otherwise wrongful manner in interactions with minorities, as shown in *Floyd et al. v. City of New York et al.*, SDNY No. 08 Civ. 1034(SAS), among other cases.

b. the continuing practice of failing to properly screen, supervise, discipline, transfer, counsel, or otherwise control police officers engaged in the excessive use of force or in warrantless or otherwise unconstitutional arrests or otherwise impermissible violations of individuals' constitutional rights, particularly with respect to officers who are repeatedly

accused of such acts, as shown in *Floyd et al. v. City of New York et al.*, SDNY No. 08 Civ. 1034(SAS), among other cases; and

c. the custom or practice of employing involuntary psychiatric hospitalizations against civilians in situations where circumstances do not warrant involuntary psychiatric hospitalizations of said civilians, in a punitive, retaliatory or otherwise wrongful manner, as shown in *Thomas v. City of New York et al.*, SDNY No. 09 Civ. 3162 (ALC), among other cases.

67. The foregoing customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department evince deliberate indifference to the safety, well-being, and constitutional rights of individuals such as Plaintiff RONNIE GRIFFIN.

68. As a result of the above constitutionally impermissible conduct, Plaintiff RONNIE GRIFFIN was caused to suffer personal injuries, violation of civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, loss of property, damage to property, legal expenses and damage to his reputation and standing within his community.

69. As a result of Defendants' impermissible conduct, Plaintiff RONNIE GRIFFIN demands judgment against Defendants in a sum of money to be determined at trial.

WHEREFORE and in light of the foregoing, it is respectfully requested that the Court assume jurisdiction and:

[a] Invoke pendent party and pendent claim jurisdiction.
[b] Award appropriate compensatory and punitive damages.
[c] Award appropriate declaratory and injunctive relief.
[d] Empanel a jury.
[e] Award attorney's fees and costs.
[f] Award such other and further relief as the Court deems to be in the interest of justice.

DATED:  New York, New York
October 24, 2013

                                            Respectfully submitted,

                                            _____~//s//~_____
                                            SAMUEL B. COHEN [SC 0622]
                                            STECKLOW COHEN & THOMPSON
                                            10 SPRING STREET – SUITE 1
                                            New York, New York 10012
                                            [212] 566-8000
                                            [212] 202-4952/FAX
                                            SAM@WYLIELAW.COM
                                            ATTORNEYS FOR PLAINTIFF